# SUPREME COURT.

WILLIAM IRVING, plaintiff in error agt. THE PEOPLE, defendants in error.

A *sentence* which is proper for burglary in the second degree, for which crime the prisoner was indicted, tried and convicted, will not be reversed for the reason that the court who pronounced the sentence probably supposed from an indorsement on the indictment that he was convicted of burglary in the first degree.

*New York General Term, November,* 1864.

*Before* LEONARD, *P. J.,* SUTHERLAND *and* BARNARD, *Justices.*

By the court, SUTHERLAND, J. The difference between this case and Fellinger's is, that Fellinger was sentenced to be imprisoned for life, a sentence authorized for no degree of burglary except burglary in the first degree; whereas Irving was sentenced to be imprisoned for ten years, a sentence authorized for burglary in the second degree. There was a general verdict of guilty—the indictment sufficiently and certainly charged burglary in the second degree, and he was sentenced to imprisonment for a term of years allowed on a conviction for burglary in the second degree. I do not see how Fellinger's case applies.

It may be that the recorder, misled by the indorsement of the indictment in sentencing Irving, thought that he had been convicted of burglary in the first degree, whereas he had been only convicted of burglary in the second degree, but as his sentence was legal and allowable for burglary in the second degree, I see no ground for reversing the judgment. The statement at the foot of the record sent up, that the prisoner was " tried and convicted by a jury duly impaneled and sworn, on an indictment for burglary in the first degree," &c., cannot be true, if the other part of the record is correct, for the record shows that the indictment was not for burglary in the first degree, but was for burglary in the second degree.

The judgment should be affirmed.

LEONARD, J. I concur in affirming the judgment. I have examined the minutes of the court of sessions. The record shows that the jury rendered a general verdict of "guilty," and nothing is said in the verdict, or in the judgment or sentence of the court, tending to show that there was any verdict, conviction or sentence for burglary in the first degree. The verdict and sentence are, so far as the record shows, for burglary in the second degree, which is the offence charged in the indictment.